UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILDA ARAUJO, LUC HOLIE and JUBILEE FIRST AVENUE CORPORATION,<br><br>                                                Plaintiffs,<br>               -against-<br><br><br>ERIC MACAIRE.<br>                                                 Defendant. | **COMPLAINT** |

Plaintiffs Ilda Araujo, Luc Holie, and Jubilee First Avenue Corporation, by their attorneys Kellner Herlihy Getty & Friedman LLP, allege as follows:

**NATURE OF ACTION**

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 requesting a judgment determining the equitable share of Eric Macaire's liability under a settlement and directing him to pay the entire amount of such equitable share under said settlement.

2. With this action, plaintiffs further seek damages for Macaire's breach of his fiduciary duties when he was an officer of plaintiff Jubilee First Avenue Corporation for using corporate money to his exclusive benefits and to the detriment of the corporation.

3. Plaintiffs further seek damages for Macaire's conversion of the company website and company Facebook page after he was terminated as an officer and an employee of Jubilee First Avenue Corporation

4. Plaintiffs also seek a permanent injunction against defendant to turnover to plaintiffs corporate properties and information.

## JURISDICTION AND VENUE

5. The United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to plaintiffs' complaint occurred in the County of New York, within this District.

## THE PARTIES

### The Plaintiffs

7. Ilda Araujo is a New York resident with an address at 27-25 12th Street, Astoria, New York 11102. Between August 2005 and May 2012, Ilda Araujo was employed by Jubilee, Inc., an entity that owned and operated a restaurant located at 347 East 54th Street, New York, New York, as a floor manager until the restaurant closed in May 2012. Araujo never had any interest or decision making power in Jubilee Inc., a company controlled at all times by defendant Macaire.

8. Ilda Araujo has been a one third owner of plaintiff Jubilee First Avenue Corporation since the opening of its restaurant in June 2012. At all times she has worked as the general manager at the restaurant owned by the company and located at 948 First Avenue in New York City. Araujo also served as treasurer of the company until December 1, 2016, and has since served as secretary.

9. Luc Holie is a New York resident with an address at 27-25 12th street, Astoria, New York 11102. Holie has been a one third owner of plaintiff Jubilee First Avenue Corporation since the opening of its restaurant in June 2012. At all times Holie has worked as supervisor of the kitchen staff at the restaurant owned by the company

and located at 948 First Avenue in New York City. Luc Holie also served as secretary of the company until December 1, 2016, and has since served as president.

10. Jubilee First Avenue Corporation is a New York corporation.

11. Jubilee First Avenue Corporation owns and operates the restaurant located at 948 First Avenue, New York, New York. The restaurant opened in June 2012.

12. Plaintiffs Ilda Araujo, Luc Holie, and defendant Eric Macaire, are each owners of one third of the shares of Jubilee First Avenue Corporation.

## The Defendant

13. Eric Macaire is a Connecticut resident with a last known address at 149 Wells Hill Road, Lakeville, Connecticut 06039.

14. Macaire was the owner at all relevant times of the majority of shares of Jubilee, Inc., an entity that owned and operated a restaurant located at 347 East 54th Street, New York, New York, and at all times, Macaire had ultimate control of Jubilee, Inc.

15. In late 2011, Macaire, Araujo and Holie collectively formed Jubilee First Avenue Corporation to own and operate a restaurant located at 948 First Avenue, New York, New York. The restaurant opened in June 2012.

16. Jubilee First Avenue Corporation employed Macaire as public relations director in charge of business development, marketing and legal matters at the restaurant owned by the company and located at 948 First Avenue in New York City until he was terminated on December 1, 2016. Macaire also served as president of the company until he was removed by a resolution of the board of directors adopted on December 1, 2016.

## FACTS

### Jubilee on 54th Street

17.     Defendant Eric Macaire opened a restaurant located at 347 E. 54th Street, New York, New York 10022 in the name of "Jubilee" in 1994 ("Jubilee on 54th"). The restaurant closed in May 2012. At all times, Jubilee on 54th was operated by a corporation called Jubilee Inc. Eric Macaire owned 100% of Jubilee, Inc. from the restaurant's opening until approximately 2002, when he transferred 40% of his stock ownership to third party Pascal Petiteau. Around 2009, Macaire reacquired 100% ownership of Jubilee Inc.

18.     Throughout its 18 years of operation, Macaire had ultimate control of Jubilee, Inc. and was the sole employer. He had the authority to hire, fire and discipline employees at Jubilee. Macaire also determined employees' rates of pay and signed their paychecks at that restaurant. At all times Macaire was solely responsible for hiring management employees at Jubilee on 54th. Macaire also instructed managers regarding their supervisory duties.

19.     Eric Macaire hired Ilda Araujo to work as a floor manager at Jubilee in August 2005. She served in that position until the restaurant closed in May 2012. Araujo was not authorized to hire or fire employees at Jubilee. She was not authorized to discipline employees. She was not responsible for the payroll and had no responsibility for the restaurant's budget or food costs; and she was required to work a certain amount of hours per week.

### Jubilee on 1st Avenue

20.     When Jubilee on 54th closed, defendant Macaire, and plaintiffs Araujo and Holie opened a new restaurant located at 948 1st Avenue, New York, NY 10022 ("Jubilee

4

on First") in June 2012. At all times Jubilee on First has been owned and operated by Jubilee First Avenue Corporation.

21. Eric Macaire owns one third of the shares of Jubilee First Avenue Corporation and served as president of the company until his termination on December 1, 2016. He was also employed by Jubilee on First as public relations director in charge of business development, marketing and legal matters. He was removed from the office of president and terminated as an employee by a resolution of the Board of Directors adopted on December 1, 2016.  Macaire had the ultimate authority to hire and fire employees until his termination on December 1, 2016.

22. Ilda Araujo owns one third of the shares of Jubilee First Avenue Corporation and served as treasurer of the company until December 1, 2016. She has been serving as secretary pursuant to the December 1, 2016's Board of Directors resolution. She has also worked as general manager at Jubilee on First since its opening.

23. Luc Holie owns one third of the shares of Jubilee First Avenue Corporation and served as secretary of the company until December 1, 2016. He has been serving as president pursuant to Jubilee First Avenue Corporation's Board of Directors resolution of December 1, 2016.  Mr. Holie has worked as an employee of Jubilee on First and as supervisor of the kitchen staff since its opening.

24. A review of the transactions on plaintiff Jubilee First Avenue Corporation's bank account shows that between 2012 and 2015 Macaire has used his position as president of the company to improperly use over $250,000 of corporate money for his exclusive benefits and to the detriment of the corporation. Below is a non-exhaustive list of such improper transactions to Macaire's exclusive benefits:

- $162,347.67 for the payment of Macaire's personal American Express credit card.

5

- $8,363.1 for Macaire's father's medical expenses (2012).
- $3,870 spent for "Jonathan's therapy".
- $6,149.96 for Macaire's pharmacy expenses.
- $911.9 for Macaire's hospital expenses.
- $1,500 for "Eden Hill recovery" expenses.
- $9,565.86 for Macaire home cable "Comcast" expenses.

25. In addition, although his employment contract provided for only one "company car," Macaire used Jubilee First Avenue Corporation to pay for two cars. In the meantime, Araujo did not possess any. Macaire caused Jubilee on First to pay a total amount of $34,154.59 for his two car leases from 2013 to 2015, when arguably only half of that amount should have been paid by the restaurant.

26. Similarly, Macaire used Jubilee First Avenue Corporation's funds to pay for his wife Elisabeth Macaire's cellphone bills.

27. Furthermore, Macaire lied to plaintiffs about the purpose and destination of payments he made with corporate funds. Specifically, Macaire told Araujo and Holie that the recurring payments for Doodle, LLC were necessary to pay for storage expenses of Jubilee, whereas Jubilee never had a storage or signed any storage contract, and Doodle, LLC was in fact a vehicle created by Macaire to siphon off corporate funds to his wife Elisabeth Macaire, who endorsed all the checks on behalf of Doodle for a total of $56,497.20.

## The Settlement of the Labor Dispute

28. On September 24, 2014, five former employees of Jubilee on 54th and Jubilee on First brought a collective action and Rule 23 class action before the Southern District Court of New York against Jubilee First Avenue Corporation, Ilda Araujo and Eric Macaire for damages, alleging violations of the Fair Labor Standards Act, New

6

York Labor Law, and related regulations. *Diego Franco et al. v. Jubilee First Avenue Corporation et al.* Case Number 16-cv-7729. (the "Franco case").

    a. Diego Franco was employed by Jubilee on 54th from 2005 to 2011, and by Jubilee on First between July 2, 2012 and July 17, 2014.

    b. Juan Juarez was employed by Jubilee on 54th, between 2007 and 2010.

    c. Mustapha Babaci was employed by Jubilee on 54th, for approximately one year, ending in 2010.

    d. Zakon Nouhou was employed by Jubilee on First between December 20, 2012 and February 10, 2013.

    e. Yonnia Sebbag was employed by Jubilee on First between May 20, 2013 and October 4, 2013.

29. On November 16, 2016, the Court approved the Settlement Agreement and Release ("the Settlement") entered between the parties.

30. Under the Settlement, Ilda Araujo, Jubilee First Avenue Corporation, and Eric Macaire (the defendants in that lawsuit) agreed to pay to the *Franco* plaintiffs $175,000 (the "Settlement Sum") in full and final satisfaction of all issues between the parties in that lawsuit.

31. The Settlement does not address the issue of the apportionment of the obligations of Ilda Araujo, Jubilee First Avenue Corporation, and Eric Macaire to pay the Settlement Sum.

32. Despite multiple demands Ilda Araujo made to Eric Macaire to agree to pay his share of the Settlement Sum in accordance to his pro-rata share of liability, and despite evidence that Macaire's equitable share is of at least 75%, Macaire has vehemently refused to agree to pay any amount and has taken the position that plaintiff Jubilee First Avenue Corporation alone should pay for 100% of the Settlement Sum.

**The termination of Macaire as an employee and his removal as an officer of Jubilee**

33. On December 1, 2016, at a meeting of the board of directors of Jubilee First Avenue Corporation, the board adopted a resolution terminating Eric Macaire as an employee of Jubilee First Avenue Corporation and removing him as an officer of the company. Eric Macaire remains a shareholder of the company.

34. Following Macaire's termination, demand was made by letter and email dated December 1, 2016 that Macaire return all corporate properties including the log-ins/usernames of Jubilee First Avenue Corporation's website and Facebook page. Mr. Macaire ignored the demand.

35. In September 2015, in his capacity as "public relations director in charge of business development, marketing and legal matters", Jubilee First Avenue Corp entrusted Macaire to redesign Jubilee on First's website.  Macaire regularly reported to Jubilee at its corporate email address jubileerestaurant@yahoo.com about the various developments until the redesigned website was up and running (http://www.jubileeny.net/ ).

36. Similarly, in his capacity as "public relations director in charge of business development, marketing and legal matters", Jubilee First Avenue Corporation entrusted Macaire to create a corporate Facebook page.

37. Jubilee First Avenue Corporation has paid and continues to pay for the totality of all the invoices in connection with the creation, maintenance, and management of the company website, and of its Facebook page.

38. Counsel for Jubilee First Avenue Corporation renewed the demand to Macaire's counsel to immediately turnover such information on December 15, 2016, December 18, 2016, and December 19, 2016.  Nevertheless, defendant  Macaire refused

and still refuses to turnover log-ins, user names and passwords allowing access to Jubilee's website and Jubilee's Facebook page that were created in the scope of defendant's employment with Jubilee First Avenue Corporation, and established on its behalf and for its sole benefit.

39. By knowingly preventing the company from accessing and managing its own Facebook page, and its own website, defendant has made it impossible for the company to promote itself on its website or Facebook page. As a result of defendant's misconduct, plaintiff Jubilee First Avenue Corporation has been irreparably harmed.

## THE CAUSES OF ACTION

### Count I
### Declaratory Judgment

40. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 39.

41. On November 16, 2016, the United States District Court for the Southern District of New York approved a Settlement Agreement and Release ("the Settlement") entered between the parties in the case of *Diego Franco et al. v. Jubilee First Avenue Corporation et al.* Case Number 16-cv-7729. (the "Franco case").

42. Under the Settlement, Ilda Araujo, Jubilee First Avenue Corporation, and Eric Macaire (the defendants in that lawsuit) agreed to pay to the plaintiffs in the Franco case the sum of One Hundred and Seventy Five Thousand Dollars and Zero Cents ($175,000.00) (the "Settlement Sum") in full and final satisfaction of all issues between the parties in that lawsuit.

43. The Settlement does not address the issue of the apportionment of Ilda Araujo, Jubilee First Avenue Corporation, and Eric Macaire's obligations to pay the Settlement Sum.

44. Despite multiple demands Ilda Araujo made to Eric Macaire to agree to pay his equitable share of the Settlement Sum, he has said that he will not pay anything under the Settlement.

45. In view of 1) defendant's complete and exclusive control of Jubilee on 54th at all relevant times, 2) the fact that he served as president of Jubilee on First Avenue at all relevant times; and 3) the fact that he had the ultimate authority to hire and fire employees until his termination on December 1, 2016, this Court should find that Macaire's equitable share under the Settlement is no less than 75%.

46. In view of Araujo's total absence of decision making power at Jubilee on 54th, and of her status as manager at Jubilee on First Avenue, this Court should find that her equitable share under the Settlement is no more than 25%.

47. An actual controversy exists between the parties to this action within the meaning of 28 U.S.C. § 2201. This Court is vested with the power in the instant case, in which plaintiffs Araujo and Jubilee will be subject to substantial expense, to declare and adjudicate the equitable share of liability of each party to the settlement.

48. Plaintiffs have no adequate remedy at law.

49. As such, plaintiffs are entitled to a declaratory judgment of the respective equitable share of liability of the parties.

### Count II
### Breach of Fiduciary Duty

50. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 49.

51. As president of Jubilee First Avenue Corp, Macaire owed a fiduciary duty to the plaintiffs to act in their interests with due care.

52. Defendant Macaire breached his fiduciary duties owed to plaintiffs, intentionally, by using and transferring corporate funds for his own benefit to the detriment of plaintiffs in excess of $250,000.

53. Defendant Macaire has further breached his fiduciary duties owed to plaintiffs, by intentionally lying to plaintiffs about the purpose and destination of payments he caused to be made with corporate funds. Specifically, Macaire told Araujo and Holie that the recurring payments for Doodle, LLC were necessary to pay for storage expenses of Jubilee, whereas Jubilee on First never had a storage or signed any storage contract, and Doodle, LLC was in fact a vehicle created by Macaire to siphon off corporate funds to his wife for a total of $56,497.20.

54. As a direct and proximate result of defendant Macaire's breach of fiduciary duty, plaintiffs have suffered monetary damages in an amount to be determined at trial, but not less than $250,000.

### Count III
### Conversion

55. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 54.

56. Defendant Macaire was hired by Jubilee First Avenue Corporation as "public relations director in charge of business development, marketing and legal matters."

57. Defendant Macaire was hired, *inter alia*, to create and manage the website of the restaurant Jubilee on First, and to create and manage its Facebook page.

58. Defendant was paid for doing so until he was terminated on December 1, 2016.

11

59. Jubilee First Avenue Corporation has paid and continues to pay the totality of all the invoices in connection with the creation, maintenance, and management of the company website, and of its Facebook page.

60. Upon defendant's termination, plaintiffs demanded that defendant turn over all log-ins, user names, and passwords allowing access to Jubilee's website and Jubilee's Facebook page.

61. Despite multiple additional demands to defendant's counsel, defendant refused and still refuses to turnover log-ins, user names, and passwords allowing access to Jubilee's website and Jubilee's Facebook page that were created in the scope of defendant's employment with Jubilee First Avenue Corporation and established on its behalf and for its sole benefits.

62. Defendant has improperly exercised of the right of ownership and control over Plaintiff Jubilee First Avenue Corporation's proprietary content and access information.

63. By knowingly preventing the company from accessing and managing its own website, and its own Facebook page, defendant has made it impossible for the company to promote itself on its website or Facebook page. As a result of defendants' misconduct, plaintiff Jubilee First Avenue Corporation has been irreparably harmed, in an amount to be determined at trial.

### Count IV
### Permanent Injunction

64. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 63.

65. Since his termination on December 1, 2016, and despite multiple demands, defendant has refused and still refuses to turnover log-ins, user names, and passwords

allowing access to Jubilee's website and Jubilee's Facebook page that were created in the scope of defendant's employment with Jubilee First Avenue Corporation, and established on its behalf and for its sole benefit.

66. By knowingly preventing the company from accessing and managing its own Facebook page, and its own website, defendant has made it impossible for the company to promote itself on its website or Facebook page.

67. Defendant's unlawful acts have caused harm to plaintiffs and unless enjoined by this Court, defendant's acts will continue to cause irreparable harm to plaintiffs for which there is no adequate remedy at law.

68. Based on the foregoing, plaintiffs seek the imposition of a permanent injunction against the defendant, attorneys and all persons acting at his direction or control, to return to plaintiffs all passwords, logins, usernames, and other information used for Jubilee on First Avenue Corporation's website(s), email accounts, Facebook account, and any other social media accounts that were established on behalf of Jubilee on First Avenue Corporation.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Ilda Araujo, Luc Holie and Jubilee First Avenue Corporation demand a judgment a) declaring that Eric Macaire's equitable share of the Settlement Sum to be paid is no less than 75% of the Settlement Sum, while Ilda Araujo is only responsible for the balance of that sum; b) directing the parties to pay such amount in compliance with the terms of the Settlement; c) awarding no less than $250,000, together with prejudgment interest, costs, disbursements, and reasonable attorneys' fees incurred in this action on the 2nd cause of action; d) awarding compensatory damages to be determined at trial on the third cause of action, punitive

damages, reasonable attorneys' fees and the costs of this action; and injunctive relief on the fourth cause of action; and such other, further, and different relief as the Court may deem just and proper.

Dated:   December 23, 2016

                KELLNER HERLIHY GETTY & FRIEDMAN, LLP

By:_____
       Thomas Vandenabeele
*Attorneys for Plaintiffs*
470 Park Avenue South—7th Floor
New York, NY 10016-6819
Telephone:  (212) 889-2121