# KELLNER HERLIHY GETTY & FRIEDMAN, LLP

470 PARK AVENUE SOUTH, 7th FLOOR

NEW YORK, NEW YORK 10016

DOUGLAS A. KELLNER
CAROL ANNE HERLIHY
EUGENE F. GETTY
ALAN M. FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE

CHARLES E. KRAUSCHE II
NAZY MODIRI
OLGA V. PETROVSKY
TAMARA P. SALZMAN
RONNIE WEINSTEIN
ELIZABETH LIN
MICHELLE MARTIN

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
tv@khgflaw.com

COUNSEL
MICHAEL H. SINGER
ROBERT P. MCGREEVY

October 26, 2017

*By ECF*
Hon. Kevin N. Fox
United States Magistrate Judge
United States Courthouse
40 Foley Square. Courtroom 228
New York, NY 10007

<u>Ilda Araujo, et al. v. Eric Macaire 16-cv-09934 (PAE) (KNF)</u>

Dear Judge Fox:

     We represent plaintiffs. In accordance with the Individual Practices of this Court and with Local Civil Rule 37.2, we respectfully request an informal pre-motion discovery conference with the Court before filing a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure and pursuant to the inherent power to sanction a party for bad faith litigation conduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991).

     Specifically, this Court should enter a default judgment against defendant in view of defendant's fraud on the court. In addition, or in the alternative this Court should award reasonable attorneys fees to plaintiffs. In the alternative, this Court should award plaintiffs an adverse inference sanction against defendant as a result of his failure to produce documents it has the practical ability to produce in response to plaintiffs' First Request for Production, and for defendant's failure to produce a single document in response to plaintiffs' Second request for Production. (see *Gordon Partners, et. al. v. Blumenthal (In re NTL, Inc. Sec. Litig.),* 244 F.R.D. 179 (S.D.N.Y. 2007)

     In addition to ignoring this litigation since its commencement (*infra*), in response to plaintiffs' discovery demands, defendant has produced an invoice that he forged, but that was purportedly issued by third party Arnoff Storage Inc. In *DAG Jewish Directories, Inc. v. Y&R Media, Ltd. Liab. Co.*, this Court found that the contract submitted by plaintiff was a blatant forgery, and concluded "nothing less than outright dismissal would deter similar misconduct." 2010 U.S. Dist. LEXIS 82388 *17 (S.D.N.Y. Aug. 12, 2010). In addition, or in the alternative to the sanction of dismissal or default, it is well established that a court may, under its inherent powers, assess attorneys' fees and costs against either a party or its attorneys where the party has acted in bad faith. See *Chambers,* 501 U.S. at 46 (upholding award of almost $1 million in attorneys' fees

and costs as sanction for bad faith conduct). See also *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 462 (S.D.N.Y 2002) (awarding attorneys' fees and costs to defendant).

Defendant's forgery is part of a scheme he orchestrated to be excused from producing critical evidence supporting plaintiffs' case, and to indirectly obtain the destruction of such evidence or have the excuse that relevant documents supposedly no longer exist, in complete violation of his obligation to preserve evidence. "A fraud on the court occurs where it is established by clear and convincing evidence 'that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense.'" *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F.Supp.3d 378, 393 (S.D.N.Y. 2010) (quoting *McMunn*, 191 F. Supp. at 445).

Thus, in its June 9, 2017 response to Plaintiffs' First Request for Production of documents, defendant stated:

> Defendant is not in possession, custody, or control of the hardcopy materials that may be responsive to Request No. [2]. The materials that may be responsive to this request are maintained at: Arnoff Moving and Storage ("Arnoff"), Storage # 17, 351 Millerton Road, Lakeville, CT 06039 (the "Storage Unit"). The Storage Unit was paid for via automatic payment from the Jubilee on First's American Express account. Upon information and belief, Plaintiffs canceled that card and payments to Arnoff stopped. Defendant has advised counsel that there is an outstanding balance of at least $1,200.00 due to Arnoff, and the contents of the Storage Unit are soon to be auctioned off or destroyed. Defendant does not have the resources to pay for the balance due. Should Plaintiffs want access to said unit and the contents before an auction or destruction, arrangements should be made with Arnoff to secure the contents of Storage Unit No. 17. (Exhibit 1)

Documents plaintiffs were forced to subpoena from Arnoff revealed that far from this apparent good faith offer to work with plaintiffs to obtain the documents, after Arnoff told defendant that Jubilee had contacted them, defendant has refused to give his permission to allow Arnoff to speak to Jubilee (See Arnoff June 29, 2017 log entry from Arnoff's employee Thomas Sinistore as Exhibit 2 at p. 2). Defendant even asked Arnoff to confirm that if Jubilee paid the outstanding balance they would not have access to the storage (*Id.*)

In an attempt to make the above June 9, 2017 response plausible and to corroborate the misrepresentation - that defendant Macaire repeatedly made to Araujo and Holie when he was the president of Jubilee- that the Arnoff Storage was one of plaintiff's Jubilee's storages, as part of his response to Plaintiffs' First Request for Production, defendant produced an invoice for March 2016 from Arnoff purportedly showing that Jubilee First Avenue Corp. has an account with Arnoff. (Exhibit 3). The documents Arnoff subsequently produced to plaintiffs revealed that the actual March 2016 invoice from Arnoff, and all invoices from Arnoff were solely in the name of defendant Macaire's wife, Liz Macaire, and that Arnoff invoices do not mention Jubilee at all (see actual invoice as Exhibit 4).

In fact, the log of internal notes from Arnoff reveals that on June 29, 2017, Eric Macaire admitted to Arnoff that he is the one who falsified the Arnoff invoice (Exhibit 2 at p.2).

This forgery is central to the truth finding process because it goes to the heart of what this case is precisely about: plaintiffs' allegations that defendant used corporate funds for his own benefit to the detriment of plaintiffs and about Macaire "intentionally lying to plaintiffs about the purpose and destination of payments he caused to be made with corporate funds." (See Complaint DE#1 at ¶53; see also for example ¶¶2 and 52). This misconduct is also designed and has the effect of impairing Plaintiffs' ability to prove defendant's equitable share of liability in the case *Diego Franco et al. v. Jubilee First Avenue Corporation et al.* Case Number 16-cv-7729 (the "Franco case"). See complaint (DE#1) Count I at ¶¶40-49.

Thus, through this forgery conjugated with his June 9, 2017 response to plaintiff's document demands, Macaire has once again lied to plaintiffs -about the relationship between plaintiff Jubilee and the Storage- in order to again cause plaintiffs to pay with corporate funds expenses that solely benefit Macaire and have nothing to do with Jubilee. Despite the commencement of this lawsuit, Macaire continues what appears to be second nature to him, to try to have plaintiff Jubilee pay for all of his personal expenses, even through the truth-finding process that we call "discovery."

In addition, this Court should sanction defendant's pattern of delays and unwillingness to produce documents. In Response to requests 13 and 14 of plaintiff's June 9, 2017 First Request for production, seeking the production of "…documents demonstrating the business purpose…" of certain transactions, defendant objected and stated "…this request … is exceptionally broad. If Plaintiffs to narrow this request and specify what documents they want, Defendant will attempt to provide specific Documents…." (Exhibit 1 *supra*).

Whether these objections were well founded or not, plaintiffs did narrow and specify their requests. Thus, on September 15, 2017, Plaintiffs served a Second Request for Production seeking …"documents demonstrating the business purpose, or providing any explanation, for all of the following [93] transactions." (See Exhibit 5). Defendant's response was due on October 16, 2017. On October 25, 2017, a few hours after plaintiffs counsel discussed this motion for sanction with defendant's counsel over the phone, defendant untimely served a response but failed to produce a single document. (Exhibit 6).

Finally, the Court will remember that it is only after defendant defaulted, and after plaintiffs sought a conference on their motion to compel that defendant finally served their answer to plaintiffs' Interrogatories. In view of defendant's pattern of bad faith litigation conduct, a severe sanction is warranted.

Plaintiffs' counsel has conferred in good faith with defendant's counsel by telephone on Thursday October 19, 2017 and on Wednesday, October 25, 2017.

For the foregoing reasons, plaintiffs respectfully request an informal pre-motion discovery conference with the Court before filing a motion for discovery sanction.

Respectfully yours,

Thomas Vandenabeele