**MALAPERO & PRISCO LLP**
COUNSELORS AT LAW
185 MADISON AVENUE, 4th Floor
NEW YORK, NEW YORK 10016

TELEPHONE: (212) 661-7300
FACSIMILE: (212) 661-7640
E-MAIL: defense@malaperoprisco.com

WESTCHESTER OFFICE
1 NORTH BROADWAY, 2ND Floor
WHITE PLAINS, NEW YORK 10601

NEW JERSEY OFFICE
MALAPERO, PRISCO, KLAUBER & LICATA LLP
PARAMUS PLAZA IV
12 N STATE ROUTE 17, SUITE 209
PARAMUS, NEW JERSEY 07652
TEL: (201) 820-3488
FAX: (201) 820-3491

OF COUNSEL

THOMAS M. LICATA*

RAYMOND J. MALAPERO*
JOSEPH J. PRISCO*
ANDREW L. KLAUBER*

GEORGE L. MAHONEY
GLENN E. RICHARDSON◊ (1952-2016)
KEITH J. NORTON*

YOUNGMIN OH CAMPBELL
CYNTHIA P. CAMACHO
MARK A. BETHMANN†
JOHN J. PEPLINSKI
JEFFREY N. REJAN
VICKI S. LICATA
ROBERT L. EMMONS
MELANIE ROWAN-QUINN*
WILLIAM B. CUNNINGHAM

PRIYA P. PATEL*
WILLIAM A. SICHERI*◊
JENNINE A. GERRARD
FRANCIS B. MANN, JR.
LYNN ABELSON LIEBMAN
RIZFORD PEREZ CABIO
MARY BETH HARMON
MARC A. ROUSSEAU†
MICHAEL J. DRISCOLL

CAROLYN A. CAMPBELL
PAUL EDWARD CARNEY
PETER F. O'CONNOR
MICHAEL D. SCHIMEK
THERESE A. EVANS
PETER IANNACE
SCOTT MONDROW*

*ADMITTED IN NEW JERSEY
†ADMITTED IN CONNECTICUT
◊ADMITTED IN PENNSYLVANIA

October 27, 2017

*By ECF*
Hon. Kevin N. Fox
Unities States Magistrate Judge
United States Courthouse
40 Foley Square - Courtroom 228
New York, New York 10007

<u>Ilda Araujo, et al. v. Eric Macaire 16-cv-09934(PAE)(KNF)</u>

Dear Judge Fox:

      We represent the defendant Eric Macaire ("Macaire") in the above-referenced matter. The purpose of this letters is to oppose Plaintiffs' request to file a motion for bad faith. Plaintiffs have fabricated a discovery issue here, where none exists. Plaintiffs are fully aware that the document that they alleged is forged/falsified was sent to them in the normal course of business seven months before this litigation started; and that document was modified at that time for a pure bookkeeping reason. Plaintiffs have had the documents in their possession since April 22, 2016 and know, or should know, they have no basis to make this application.

**1) <u>The Allegedly Forged March 21, 2016 Arnoff Invoice</u>:**

      a) <u>The Document was Not Forged</u>:

      Plaintiffs allege that Macaire "forged" or "falsified" a March 21, 2016 invoice from Arnoff Moving and Storage ("Arnoff") for purposes of this litigation. The allegation is false because the document was modified in April 2016 for bookkeeping purposes (explained below).

      b) <u>The Document was Modified Seven Months Prior to Litigation for Purposes of Bookkeeping</u>:

      Plaintiffs allege that Macaire forged the Arnoff invoice *during the course of this litigation* in a scheme to commit "discovery fraud" on the Court and Plaintiffs. This allegation is factually baseless because the document was modified by Macaire for purposes of bookkeeping <u>seven months before any litigation was contemplated or started</u>, on or about April 22, 2016.

(Exhibit 1). Plaintiff did not include the original email from April 22, 2016 in his application, which would have demonstrated that the document was modified before this litigation started. *Id.*

On June 9, 2017, when Defendant produced this allegedly "forged" or "falsified" document during discovery, it was produced in its original form on a CD. That CD was created to perfectly mimic Macaire's *Yahoo!* email account, and all relevant emails were *pulled directly from Yahoo!'s email server* as they existed in their original form, including the attachments. The allegedly falsified Arnoff invoice was attached to an April 22, 2016 email sent directly to plaintiff, Ilda Aruajo ("Araujo") at "aaraujoilda@yahoo.com" for the purposes of a bookkeeping entry. (Exhibit 1).

### c) Background and Context of the Arnoff Invoice

The allegedly "forged" Arnoff invoice is found in Plaintiffs' Exhibit 3, and the "original" is found in Plaintiffs' Exhibit 4. The conflict with this irrelevant document is that the original Arnoff invoice states in the "Shipper" line (found in the left-hand side in the middle of the page): "*MacAire, Liz.*" Liz Macaire ("Liz") is Macaire's wife and the person who originally set-up the Arnoff account for a 10" x 20" storage unit in 2010. In the allegedly forged Arnoff invoice, the same "Shipper" line states: "*MacAire, Jubilee First Avenue Corp.*" (Plaintiffs' Exhibit 3)

On or about February 18, 2016, Jubilee hired a company called "dbooks Bookkeeping Services" ("dbooks") to manage the corporate books and receipts (Exhibit 2). As the result of this hire, a woman named Jessica Allen ("Allen") was to work with Araujo to keep the books. *Id.* In April 2016, Allen or Araujo asked all partners to provide receipts/invoices/etc. of existing corporate expenses. Macaire was asked to provide a receipt/invoice for, *inter alia*, the Arnoff unit.

On April 22, 2016 at 5:08 p.m., Macaire sent an email to Araujo that contained four (4) separate PDF attachments (Exhibit 1). One of those attachments was the allegedly forged Arnoff invoice. The actual email that Macaire sent on April 22, 2016 clearly establishes the date it was modified. There was no attempt to hide this modification then or now. The reason that Macaire added "*Jubilee First Avenue Corp.*" in the "Shipper" line was so that Allen would have context for the expense because the top of the document clearly states the invoice is in the name of "MacAire, Liz, P.O. Box 322 Salisbury, Ct". (Plaintiffs' Exhibit 3 and 4).

### 2) Defendant is Not Engaged in a "Scheme" to Block Plaintiff from Obtaining Records

#### a) Plaintiffs' Interpretation of the Arnoff Call-Logs is Misleading

Plaintiffs alleges that the Arnoff call-logs prove that Defendant was engaged in an effort to block them from acquiring information and records. This is false. An honest review of the call-logs shows that Defendants and Plaintiffs repeatedly contacted Arnoff and were all told that Liz must give permission to Plaintiffs to access the storage unit if they pay. (*See* Plaintiffs' Exhibit 2). Further, it is not clear how accurate those call-logs are because the Arnoff representative making the notes stated that he was not sure what the parties understood because "both had accents and did not seem to have [E]nglish as their native language." *Id.* at p. 3.

#### b) Defendant Made Good Faith Efforts to Obtain the Records

On June 6, 2017, Liz contacted Arnoff to try to obtain the records in order to respond to Plaintiffs' demands (at my request). *Id.* p. 4. It was written that she and Macaire were involved in litigation with Jubilee, who was paying the bill and that "the storage [unit] has records for the business that are of value etc," but she could not access same without paying. *Id.*

### c) It is Irrelevant that Macaire Told Arnoff that He Modified the Invoice

Plaintiffs assert that Macaire "admitted" to "falsifying" the invoice, but this is misleading and irrelevant. In a June 29, 2017 call-log entry Macaire allegedly said "that he did put Jubilee on those invoices himself seeing as he was the business owner of Jubilee." *Id.* p. 3. Macaire's statement is true and irrelevant because he modified the invoice for a valid business reason.

### d) Plaintiffs Were Repeatedly Told to Contact Defendant or his Counsel

Plaintiff claims that they were blocked from accessing the records. However, this is not true because in multiple entries in the call-log Plaintiffs were told to work to contact Mcaire, Liz, or counsel to work out the issues themselves. See *id.* pp. 2-4. They never did.

### e) Plaintiffs' Never Sought Assistance Until October 25, 2017

Plaintiffs' counsel never once telephoned or wrote me for assistance until October 25, 2017. I immediately called Arnoff that day and spoke with Don Sagliano. I advised him not to destroy the records under any circumstance. Mr. Sagliano told me that because I am not counsel for Liz, I cannot instruct him to provide access to Plaintiffs. Liz has already contacted Arnoff and given them full permission to allow Jubilee to access the unit if they pay (under reservation that all counsel are present). At the pre-motion conference, I will produce evidence of Macaire's dire financial status to the Court as proof that he cannot pay the Arnoff past-due balance. I am currently trying to secure or preserve the records by other avenues.

### f) Plaintiffs' Counsel has Repeatedly Discussed this Issue with Arnoff, Despite Claims Otherwise

Plaintiffs' counsel claims that he has been blocked from discussing this matter with Arnoff. However, in my October 25, 2017 phone call with Mr. Sagliano, I was told that Sagliano had *personally* spoken with Plaintiffs' counsel, Thomas Vandenebele, multiple times since June 2016 and that Mr. Vandenebele is fully aware that the records were not sold/destroyed yet, and that Plaintiffs should contact Macaire, Liz, or his counsel for help. Yet, as mentioned above, Plaintiff never contacted me for help until October 25, 2017.

It is respectfully requested that the Court deny Plaintiffs' request to file a motion for discovery sanctions and bad faith, as that motion has no basis in fact.

Very truly yours,

MALAPERO & PRISCO, LLP

Michael Driscoll