KELLNER HERLIHY GETTY & FRIEDMAN, LLP

470 PARK AVENUE SOUTH, 7th FLOOR

NEW YORK, NEW YORK 10016

DOUGLAS A. KELLNER
CAROL ANNE HERLIHY
EUGENE F. GETTY
ALAN M. FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE

CHARLES E. KRAUSCHE II
NAZY MODIRI
OLGA V. PETROVSKY
TAMARA P. SALZMAN
RONNIE WEINSTEIN
ELIZABETH LIN
MICHELLE MARTIN

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
tv@khgflaw.com

COUNSEL
MICHAEL H. SINGER
ROBERT P. MCGREEVY

October 30, 2017

*By ECF*
Hon. Kevin N. Fox
United States Magistrate Judge
United States Courthouse
40 Foley Square. Courtroom 228
New York, NY 10007

<u>Ilda Araujo, et al. v. Eric Macaire 16-cv-09934 (PAE) (KNF)</u>

Dear Judge Fox:

  We respectfully submit this letter in further support of our request for an informal pre-motion discovery conference with the Court before filing a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure and pursuant to the inherent power to sanction a party for bad faith litigation conduct.

  First, in his letter in opposition (DE#46), defendant cleverly uses the verb "modify" instead of "forge", but he admits that defendant Macaire is the one who falsify the Arnoff invoice: "…the document was modified by Macaire…" (*Id.* at p. 1[1]). By comparing the actual invoice issued by Arnoff (DE#45-4) with the version forged by Macaire (DE#45-3), the Court can take judicial notice that Macaire used a software, or an equipment, to alter the actual invoice in order to match the font and color used by Arnoff, to neatly delete "Liz" as in "Macaire, Liz" and to add "Jubilee First Avenue Corp." in the appropriate box.

  Regardless of when Macaire forged that invoice, he knowingly produced the forged invoice as part of his discovery response, and tellingly failed to produce *any* other invoice from Arnoff.[2]

  In fact, on June 8, 2017 (that is the day before Defendant Macaire responded to Plaintiffs' first Request for Production, see DE#45-1), Defendant's wife, Liz Macaire, tried to support her

---

[1] By professing that the "modification" was "for bookkeeping purposes", Macaire does not exonerate himself from falsifying a valid business record thereby creating a false business purpose.

[2] Defendant counsel misquoted plaintiff's counsel, who did not "allege that Macaire forged the Arnoff invoice *during the course of this litigation*."

husband's lie that Arnoff is a corporate expense that should be paid by Jubilee, and to cover-up the forgery, by attempting to convince Arnoff to re-issue all the Arnoff's invoices with "Jubilee's name" on them (See Exhibit 1[3]). Upon Arnoff's refusal, Macaire presumably decided not to produce the Arnoff's invoices (with the exception of the one he forged): Thus, on June 8, 2017, Tom Sinistore of Arnoff emailed Liz Macaire: "Hi Liz, I took a look at the storage contract for you, and the contract was put under your name, not Jubilee's, so we cannot change the invoices." (*Id.*) On the same day Liz Macaire insisted in a subsequent email: "Ok ... well can you at least add Jubilee to the contact invoices?" (*Id.*) Tom Sinistore responded: "Attached is the payment summary. Unfortunately I can't remake the invoice with another name on them." (*Id.*)

The Court will observe that once again, it is only after Plaintiffs write to this Court that defendant professes to try to obtain the records, notwithstanding the fact that it has been defendant's duty and burden to produce these documents responsive to plaintiff's document requests for now more than four months since the documents were due to be produced.

Furthermore, defendant is silent about his refusal to give his permission to allow Arnoff to speak to Jubilee (See Arnoff June 29, 2017 log entry from Arnoff's employee Thomas Sinistore as DE#45-2 at p. 2). As a result, Arnoff has consistently refused to speak to Plaintiff Ilda Araujo when she called Arnoff on two occasions in June 2017.[4] Defendant even asked Arnoff to confirm that if Jubilee paid the outstanding balance they would not have access to the storage (*Id.*)

Finally, defendant's letter fails to address defendant's pattern of delays and unwillingness to produce documents. This morning, defendant failed to appear at his duly noticed deposition. Defendant's counsel stated that he did not think the deposition was on because plaintiff's counsel did not confirm, but defendant's counsel did not seek an adjournment or contact plaintiff's counsel to confirm the date of the deposition.[5]

For the foregoing reasons, plaintiffs' proposed motion for discovery sanction is appropriate and necessary.

Respectfully yours,

Thomas Vandenabeele

---

[3] That email is part of the documents Arnoff produced to plaintiffs in response to a subpoena. Plaintiffs' counsel immediately emailed a copy of these documents produced by Arnoff to defendant's counsel.
[4] It is true that Plaintiffs' counsel subsequently spoke to Don Sagliano of Arnoff in July 2017 but in connection with the subpoena plaintiffs served on Arnoff, and then in October in response to Don Sagliano's inquiries.
[5] Counsel for both parties agree to hold the deposition tomorrow Tuesday October 31, 2017 at 11:00 am