UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ILDA ARAUJO, LUC HOLIE, JUBILEE FIRST :
AVENUE CORPORATION,
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　v.
　　　　　　　　　　　　　　　　　　　　 :　　　**MEMORANDUM AND ORDER**
ERIC MACAIRE,
　　　　　　　　　　　　　　　　　　　　 :　　　16-CV-9934 (PAE) (KNF)
　　　　　　　　　　　Defendant.
------------------------------------------------------------X
ERIC MACAIRE, as an individual shareholder of :
JUBILEE FIRST AVENUE CORPORATION, and
ERIC MACAIRE, on behalf of JUBILEE FIRST :
AVENUE CORPORATION,
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　Counterclaim-Plaintiffs,
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　v.
　　　　　　　　　　　　　　　　　　　　 :
ILDA ARAUJO and LUC HOLIE,
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　Counterclaim-Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE



## INTRODUCTION

　　　　Plaintiffs Ilda Araujo ("Araujo"), Luc Holie ("Holie") and Jubilee First Avenue Corporation ("Jubilee") commenced this action against Eric Macaire ("Macaire") alleging breach of fiduciary duty and conversion. Araujo, Holie and Macaire each owns one-third of the shares of Jubilee. On November 16, 2016, an action by Jubilee's former employees against Jubilee, Araujo and Macaire, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and New York Labor Law, was dismissed, after the court approved the parties' proposed settlement agreement under the standard set forth in Cheeks v. Freeport Pancake House, 796 F.3d 199

(2d Cir. 2015). See Franco v. Jubilee First Avenue Corp., No. 14-CV-7729, Docket Entry No. 111. Under the November 16, 2016 settlement agreement, Jubilee, Araujo and Macaire agreed to pay the plaintiffs $175,000 in satisfaction of all claims in that action. The November 16, 2016 settlement agreement did not address the apportionment of the settlement payment among the defendants.

In this action, the plaintiffs seek an order: (a) declaring that Macaire is obligated to pay "no less than 75% of the settlement Sum, while Ilda Araujo is only responsible for the balance of that sum"; (b) "directing the parties to pay such amount [sic] in compliance with the terms of the Settlement"; (c) "awarding no less than $250,000, together with prejudgment interest, costs, disbursements, and reasonable attorneys' fees incurred in this action on" the breach of fiduciary duty cause of action; and (d) "awarding compensatory damages to be determined at trial on" the conversion cause of action. Macaire asserted the following counterclaims against Araujo and Holie: (i) breach of contract, breach of fiduciary duty, tortious interference with contract and sought an accounting; and (ii) breach of fiduciary duty, as a derivative claim on behalf of Jubilee.[1]

Before the Court is a motion by "defendant Eric Macaire" "for an Order disqualifying counsel for plaintiffs Ilda Araujo, Luc Holie, and Jubilee First Avenue Corporation due to irreconcilable and non-waivable conflicts of interest." The plaintiffs oppose the motion.

## MOVANT'S CONTENTIONS

Macaire contends that the plaintiffs' counsel, Kellner Herlihy Getty & Friedman LLP ("Kellner"), "should be disqualified because they represent individual shareholders against another shareholder while serving as corporate counsel." According to Macaire, Kellner became

---

[1] The Amended Answer and Counterclaims, Docket Entry No. 51, is incomplete as it appears to be missing page No. 42.

Jubilee's counsel "on December 1, 2016, after representing Araujo and Holie in a matter involving Macaire directly. The prior representation is not a problem for purposes of this suit as to Macaire specifically, but it is a problem because Kellner knew full well that its individual clients signed" the November 16, 2016 settlement agreement "knowing that their signatures would prevent them from legally seeking additional compensation from Macaire regarding that issue." Macaire asserts that

> having already represented Araujo and Holie in a matter involving Macaire, Kellner should have declined to act as counsel to bring the case against Macaire on behalf of the corporation, which it was duty-bound to protect as of December 1, 2016. As the claims in the instant suit are wholly derivative in nature—and not direct— Kellner acted only in the best interest of Araujo (as Holie technically has a duty to go after Araujo (his wife) for her percentage of liability on behalf of the corporation). Instead Kellner drafted the Corporate resolution indemnifying Araujo and installing itself as counsel to go after Macaire on the [November 16, 2016] Settlement and then went after Macaire to satisfy personal grievances of Araujo and Holie in an improper derivative action on behalf of the corporation.

Macaire contends that,

> [d]uring Araujo's and Holie's respective depositions, various material statements were testified to that raised potential issues regarding possible conflict of interest as to Jubilee Corp. and its counsel, Kellner. Araujo and Holie both testified that in 2015 they used corporate funds to put new windows into their personal residence (MD Dec. Exhibit J, pp. 276-279 and Exhibit K, pp. 66-67). Araujo testified that there was no corporate purpose for the window replacement in their personal house, but this was acceptable because all the partners had an agreement to find ways to use money from the corporation to lower their year-end tax liabilities (MD Dec Exhibit J, pp. 276, 278-279).[2] Araujo testified that all the partners knew about this understanding and they did not need permission to act accordingly. In addition, Holie testified that on November 7, 2012 he agreed to Macaire's proposal sent via email (MD Dec Exhibit P) on behalf of himself and Araujo to, *inter alia*, not combine shares against other shareholders in exchange for Macaire lowering his total shares from 50% to 33.3 percent (MD Dec Exhibit K, pp. 35-37 and 91-93). Holie then testified that he either could not remember or that he failed to inform Araujo that he had agreed to Macaire's proposal. *Id.*

---

[2] Exhibit J to a declaration of Macaire's counsel, Michael Driscoll ("Driscoll"), contains page Nos. 1-197 and 310-328; page Nos. 198-309 are not included in Exhibit J.

Macaire asserts that Kellner's "representation of the corporation is now compromised due to conflicts of interest because of the deposition testimony." Moreover, "Kellner must somehow navigate its prosecution of Macaire for alleged wrongs that it now knows (via deposition testimony) that Macaire had express permission to engage in. This means that Kellner is maintaining a frivolous suit, at least in part, against Macaire." Thus, with "Kellner representing both Holie and Jubilee Corp. there is no way for Kellner to fully defend the corporation against Holie's argument and subsequent failure to protect Araujo or the corporation by advising her that he agreed not to combine shares."

Macaire contends that Kellner "must be removed for ethical reasons and the appearance of impropriety" because he "refuses to give consent for Kellner to continue" to "represent both the organization and the officers and directors" in this action. Macaire contends that his counterclaims allege wrongdoing "by Araujo and Holie (directly and derivatively)," and "Kellner, as acting counsel for the corporation, has already shown an inability to act in the best interest of the corporation," as well as "bias towards its individual clients in starting and maintaining the instant action against Macaire, which gives a strong impression of bias of one shareholders [sic] over another." According to Macaire, "Kellner should be removed as counsel for the corporation and Araujo and Holie, as it would now be impossible to prosecute the action against Macaire or defend Macaire's action without conflict." In the Conclusion section of his memorandum of law, Macaire asserts that the Court should grant his "motion to disqualify plaintiff's counsel from representing Jubilee First Avenue Corporation."

## PLAINITFFS' CONTENTIONS

The plaintiffs assert that Kellner should not be disqualified as their counsel "because there is no conflict of interest created" by Kellner's representation of individual plaintiffs and

Jubilee, and Macaire "failed to satisfy New York's high standard of proof warranting disqualification." The plaintiffs maintain that Jubilee is a closely held company owned by three shareholders and "any replacement attorney would be chosen by Araujo and Holie as directors, and would be subject to their direction." Given that a change in counsel would not improve matters and "there is no demonstrated meaningful threat to the integrity of the trial from the challenged representation," Kellner "should be allowed to continue as counsel of Jubilee as well as to Araujo and Holie." Macaire already brought claims against Araujo and Holie, and "hiring new counsel for Jubilee to bring these very same claims on its behalf will not further safeguard the pursuit of such claims." Moreover, a "business entity named in any derivative action is usually considered a passive litigant" and, in this action, "the true controversy is between Macaire and individual Plaintiffs Araujo and Holie who control a majority interest in Jubilee. Jubilee's interest is aligned with those of Araujo and Holie."

The plaintiffs assert that Kellner's "disqualification is a bad faith tactical attempt to disrupt the prosecution of this case and inflict hardship" on the plaintiffs because "[n]o interest of Jubilee would be advanced by the disqualification of [Kellner] that is not being advanced by [Kellner] now"; thus, disqualification "would only be wasteful because Jubilee would have to hire new counsel now that the trial is in sight and bear tremendous expenses of duplicate legal work without any concomitant benefit." Furthermore, Macaire delayed bringing his disqualification motion for "over a year," while seeking discovery and participating in settlement negotiations during that time. The plaintiffs assert that "Macaire's counsel D. Paul Martin failed to disclose a conflict of interest," namely, that D. Paul Martin was "formerly employed by the law firm of Claude Castro, the law firm which represented" Jubilee, Araujo and Macaire in connection with the November 16, 2016 settlement agreement. According to the plaintiffs,

Kellner should not be disqualified because Macaire's claims are meritless. Alternatively, if the Court finds a conflict of interest, Kellner should continue to represent the individual plaintiffs.

## MOVANT'S REPLY

Macaire contends that "there is no basis to maintain an action against" him since Macaire was allowed to use corporate funds in the same manner as Araujo and Holie, and Kellner "will be conflicted going forward if they must defend the corporation against allegations that shareholder Macaire acted improperly by engaging in the same behavior as Araujo and Holie." Moreover, Kellner "assisted in changing the alleged [2016] dividends for the benefit of Araujo and Holie so they would not have to pay additional taxes and it burdened Jubilee Corp. with 2016 taxes that are not true, even though signed by Araujo and Holie"; thus, "Kellner cannot represent Jubilee Corp. when it is actively assisting Araujo and Holie to file false tax returns."

In support of his reply, Macaire submitted a declaration by Driscoll, stating that Exhibit Q, Driscoll's affidavit, contains "the fact section that was placed in Macaire's Memorandum of Law (ECF Doc. 60) reproduced verbatim and signed before a Notary," and "[s]hould the Court choose form over substance and find that this Affidavit does not rectify the procedural mistake made previously by not attaching the facts section in the Driscoll Declaration (ECF Doc. 61), Macaire asks the Court permission to withdraw this instant motion and re-file same." Moreover, Exhibit R to Driscoll's reply declaration "is a true and accurate copy of the 'Continued' deposition of Ilda Araujo taken December 21, 2018 [sic], pages 198-332," containing the pages missing from Exhibit J attached to Driscoll's declaration in support of the motion.

## LEGAL STANDARD

> Ordinarily an attorney may not knowingly reveal a confidence of his client or use a confidence of his client to the disadvantage of the client. To ensure faithful adherence to this principle, an attorney may be disqualified from representing a client in a particular case if (1) the moving party is a former client of the adverse

6

party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. The objective of the disqualification rule is to "preserve the integrity of the adversary process." However, while [the Second Circuit Court of Appeals has] not hesitated to disqualify counsel when the circumstances warranted it, [it has] also noted that "there is a particularly trenchant reason for requiring a high standard of proof on the part of one who seeks to disqualify his former counsel, for in disqualification matters [courts] must be solicitous of a client's right freely to choose his counsel—a right which of course must be balanced against the need to maintain the highest standards of the profession." [The Second Circuit Court of Appeals has] also noted that disqualification motions "are often interposed for tactical reasons," and that "even when made in the best of faith, such motions inevitably cause delay."

Evans v. Artek Systems Corp., 715 F.2d 788, 791-92 (2d Cir. 1983) (internal citations omitted).

"[D]isqualification is warranted only if "an attorney's conduct tends to taint the underling trial."

GSI Commerce Solutions, Inc. v. Baby Center, L.L.C., 618 F.3d 204, 209 (2d Cir. 2010)

(citation omitted).

> One established ground for disqualification is concurrent representation, an attorney's simultaneous representation of one existing client in a matter adverse to another existing client. Because concurrent representation is "prima facie improper," it is incumbent upon the attorney to "show, at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representation. [The Second Circuit Court of Appeals has] noted that this is "a burden so heavy that it will rarely be met."

Id. (internal citations omitted).

Except in the circumstance where a threat of taint to the trial exists, possible ethical conflicts arising during litigation are to be addressed by state and federal bar disciplinary mechanisms. See U.S. v. Prevezon Holdings Ltd., 839 F.3d 227, 241 (2d Cir. 2016); Bd. of Ed. City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). This approach, when dealing with attempts to disqualify opposing counsel on ethical grounds, has been characterized as a

restrained approach, see e.g., Bottaro v. Hatton Assocs., 680 F.2d 895, 896 (2d Cir. 1992), which avoids unnecessary and unseemly delay in the litigation process and bolsters public confidence in the fairness of the judicial process.

## APPLICATION OF LEGAL STANDARD

Although Macaire's notice of motion indicates that he seeks "an Order disqualifying counsel for plaintiffs Ilda Araujo, Luc Holie, and Jubilee First Avenue Corporation," in the Conclusion section of his memorandum of law Macaire requests that the Court "Grant Macaire's motion to disqualify plaintiff's counsel from representing Jubilee First Avenue Corporation." The Court finds that: (1) Macaire abandoned that part of the relief in his notice of motion that seeks disqualification of Kellner as counsel to Araujo and Holie; and (2) the only relief Macaire seeks is "to disqualify plaintiffs' counsel from representing Jubilee First Avenue Corporation."

### *Concurrent and Successive Representation Ground for Disqualification*

Macaire does not contend that he is Kellner's current or former client; thus, he is not seeking Kellner's disqualification based on a concurrent or successive representation ground. Araujo, Holie and Jubilee admitted in their answer to Macaire's counterclaims that, "on November 9, 2016, before any settlement was signed, Araujo and Holie . . . hired" Kellner, the law firm representing Araujo, Holie and Jubilee in this action. Jubilee's Board of Directors' Meeting Resolutions, made on December 1, 2016, indicate that Kellner was "retained to represent Jubilee First Avenue Corporation in connection with the apportionment" of the November 16, 2016 settlement agreement. Macaire concedes that "[t]he prior representation is not a problem for purposes of this suit as to Macaire specifically." However, he also asserts that the prior representation "is a problem" because Kellner "knew" certain things. To the extent that Macaire's unsupported allegation respecting Keller's knowledge is intelligible, its relevance to

any basis for attorney disqualification is unclear. Given that Macaire is not Kellner's current or former client, and he conceded that Kellner's "prior representation is not a problem," no basis exists to disqualify Kellner from representing Jubilee on the grounds of concurrent or successive representation.

*Ethical Grounds for Disqualification*

Macaire asserts that Kellner "must be removed for ethical reasons and the appearance of impropriety" because: (1) "Macaire refuses to give consent for Kellner to continue"; (2) "Kellner, as acting counsel for the corporation, has already shown an inability to act in the best interest of the corporation"; and (3) "Kellner has also showed a bias towards its individual clients." Macaire's conclusory assertions of Kellner's bias appear to be based on Macaire's view of the merits of his counterclaims. However, in this judicial circuit, courts must use "the restrained approach" towards attempts to disqualify counsel on ethical grounds. See Bottaro, 680 F.2d at 896. Macaire did not establish that Keller's representation of Jubilee poses a threat of taint to the trial in this action and his assertion of an appearance of impropriety alone is not sufficient to warrant Kellner's disqualification from representing Jubilee on ethical grounds. See GSI Commerce Solutions, Inc., 618 F.3d at 209.

*Other Grounds for Disqualification*

Macaire's argument appears to be that Kellner's "representation of the corporation is now compromised due to conflicts of interests because of the deposition testimony" by Araujo and Holie, namely, that: (a) "Araujo and Holie improperly used corporate funds"; (b) Holie "agreed to Macaire's email (MD Dec Exhibit P) not to combine shares"; and (c) Araujo "had no idea how the 2016 corporate tax documents were corrected to maintain S-Corp status." However, whether: (i) "Araujo and Holie improperly used corporate funds"; (ii) Holie "agreed" not to

combine his and Araujo's shares; and (iii) "the 2016 corporate tax documents were corrected to maintain S-Corp status" are matters of law, not facts, and they go to the merits of the claims and counterclaims in this action. Macaire's legal conclusions, without more, are not sufficient, under the circumstance of this case, to warrant the disqualification of Kellner as Jubilee's counsel.

Macaire also appears to argue that "[o]ne who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders." However, Macaire seeks "to disqualify plaintiff's counsel from representing Jubilee First Avenue Corporation," not from representing Araujo and Holie. Even assuming that Macaire seeks to disqualify Kellner from representing all the plaintiffs, a change of counsel would not improve matters because Jubilee is owned by three shareholders, Araujo, Holie and Macaire, and any replacement attorney would be chosen by Araujo and Holie whose interests are aligned. See Obeid v. La Mack, No. 14 cv. 6498, 2015 WL 7180735 at *2 (S.D.N.Y. Nov. 9, 2015) (the corporate plaintiff was owned and controlled by three principals, each entitled to one vote, with decisions mandated to be made by majority vote; thus, any replacement attorney would be chosen by two defendants, which "would not improve matters"). "A client whose attorney is disqualified incurs a loss of time and money in being compelled to retain new counsel who in turn have to become familiar with the prior comprehensive investigation which is the core of modern complex litigation. The client moreover may lose the benefit of its longtime counsel's specialized knowledge of its operations." Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978). In light of Macaire's failure to establish that Kellner's representation of Jubilee poses a threat of taint of the trial in this action, replacing Kellner as counsel to Jubilee as well as counsel to all the plaintiffs, at this stage of litigation, is not warranted because it would cause unnecessary delay and waste resources.

Moreover, if Kellner should be disqualified because "[o]ne who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders," that same ground would appear to warrant the disqualification of Macaire's counsel, given that he represented Jubilee, Macaire and Araujo in the action that resulted in the November 16, 2016 settlement agreement and he now represents Macaire in this action in which Macaire asserted counterclaims against Araujo and Holie. The restrained approach to the instant motion to disqualify and the circumstances of this case do not warrant Kellner's disqualification.

## CONCLUSION

For the foregoing reasons, the defendant's motion to disqualify the plaintiffs' counsel, Docket Entry No. 59, is denied.

Dated: New York, New York
September 7, 2018

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE